Booker Leon **ROBINSON**, Jr.,
**Appellee-Cross-Appellant,**

v.

Jerry **WRIGHT**, Chairman, et al.,
**Appellant-Cross-Appellees.**

**Nos. 81–2246, 81–2247.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 17, 1982.

Decided July 13, 1982.

ation, MTS. *See supra* note 2.

Mark A. Hunzeker, Pierson, Ackerman, Fitchett & Akin, Lincoln, Neb., for appellant-cross-appellee.

Paul L. Douglas, Atty. Gen., J. Kirk Brown, Asst. Atty. Gen., Lincoln, Neb., for appellees-cross-appellant.

Before ROSS, Circuit Judge, and STEPHENSON and HENLEY, Senior Circuit Judges.

## PER CURIAM.

Booker L. Robinson appeals from a judgment of the district court awarding Robinson only nominal damages for a violation of his right to procedural due process at a prison disciplinary hearing. Robinson contends that the defendants failed to prove that the denial of procedural due process did not alter the outcome of the disciplinary proceeding. Robinson also alleges that the district court erred in dismissing his claim against defendant Mason.

Defendant Wright has cross-appealed, alleging that the district court abused its discretion in failing to reduce or apportion the attorney's fees awarded in this case pursuant to 42 U.S.C. § 1988.

We have carefully reviewed Robinson's claims and considered the district court's opinion, the briefs and the arguments of the parties. We find no error of law or fact and accordingly affirm pursuant to Rule 14 of the rules of this court on the basis of the district court's opinion.

We have also reviewed the defendant's claim regarding the award of attorney's fees. The Supreme Court has granted certiorari in the case of *Eckerhart v. Hensley*, 664 F.2d 294 (8th Cir. 1981) (unpublished), *cert. granted*, —— U.S. ——, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982). The question presented for review in that case is "should the award of attorneys' fees, made pursuant to 42 U.S.C. [§] 1988, be proportioned to accurately reflect [the] extent to which plaintiff has prevailed on the merits of his lawsuit in district court." 50 U.S.L.W. 3690. In this case, Robinson prevailed on only one of a number of claims raised and the district court awarded 100 percent of the fee requested by Robinson's counsel.

In view of the apparent relevance of the *Hensley* case to the attorney's fees issue raised by the defendant, we remand the question of attorney's fees to the district court for further consideration in light of the Supreme Court's upcoming disposition of the *Hensley* case.

Remanded.